UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTAN BANALES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No. EDCV 16-1247 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

　　　　Plaintiff Banales filed this action on June 13, 2016. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 12.) On January 31, 2017, the parties filed a Joint Stipulation ("JS") that addressed the disputed issue. The court has taken the matter under submission without oral argument.

　　　　Having reviewed the entire file, the court reverses and remands the decision of the Commissioner for further proceedings consistent with this opinion.

## I.

## **PROCEDURAL BACKGROUND**

Banales filed applications for disability insurance benefits and supplemental security income benefits in July 2012.  In both applications, she alleged an onset date of April 1, 2011.  Administrative Record ("AR") 18.  The applications were denied initially and on reconsideration.  AR 94-95, 122-23.  Banales requested a hearing before an Administrative Law Judge ("ALJ").  On October 14, 2014, the ALJ conducted a hearing at which Banales and a vocational expert ("VE") testified.  AR 32-60. On December 29, 2014, the ALJ issued a decision denying benefits.  AR 15-28.  On April 14, 2016, the Appeals Council denied review.  AR 1-5.  This action followed.

## II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

**III.**

**DISCUSSION**

A. **Disability**

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

B. **The ALJ's Findings**

The ALJ found that Banales met the insured status requirements through December 31, 2015.  AR 20.  Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Banales had the severe impairments of bipolar disorder; anxiety disorder; and degenerative disc disease post motor vehicle accident/surgery.  AR 20.  She had the residual functional capacity ("RFC") to perform light work except that she cannot climb ladders, ropes or scaffolds; cannot work with hazards; and cannot have concentrated exposure to extreme cold and vibration.  She can occasionally perform postural activities; is limited to non-public unskilled work involving simple repetitive tasks; can have minimal interaction with coworkers and supervisors; must work in a habituated work setting and must perform work that is not fast-paced.  AR 22.  She was unable to perform any past relevant work, but there were jobs that existed in significant numbers in the national economy that she could perform such as small products

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

assembler, inspector/hand packager and assembler, plastic hospital products. AR 26-28.

### C. Examining Physician

An examining physician's opinion constitutes substantial evidence when, as here, it is based on independent clinical findings. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). When an examining physician's opinion is contradicted, "it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'" *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted). "'The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.'" *Ryan v. Comm'r*, 528 F.3d 1194, 1202 (9th Cir. 2008) (citation omitted) (emphasis omitted). However, a non-examining physician's opinion may serve as substantial evidence when it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Dr. Tomilowitz performed a complete mental evaluation of Banales on December 27, 2012. AR 381-86. Based on the mental status examination, Dr. Tomilowitz opined that her attention and concentration appeared within normal limits, her speech was clear and coherent, and she put forth good effort. She appeared depressed and anxious, and her affect was blunted. She was not tearful. She had no psychosis, delusions or tangential thinking. Her thought processes were coherent and organized, and her thought content was relevant and non-delusional. AR 383. In terms of concentraton, she could perform serial threes and sevens. Her immediate memory "showed some impairment. [She] was able to repeat four digits forward and backward. The claimant could recall three items (House, Ball, Chair) immediately but not after five minutes." AR 384. Her judgment and reasoning were unimpaired. *Id.*

Dr. Tomilowitz diagnosed dysthymia and generalized anxiety disorder, and assessed a Global Assessment of Functioning (GAF) score of 55.[2]  AR 384-85.  She opined that Banales was able to understand, remember and carry out simple one or two-step jobs.  She had moderate impairment of her ability to relate and interact with coworkers and the public; her ability to maintain concentration and attention, persistence and pace; and her ability to maintain regular attendance and perform work activities on a consistent basis.  AR 385-86.  She was unimpaired in her ability to accept instruction from supervisors but would require additional supervision due to vegetative symptoms of dysthymia.  AR 386.  Unlike major depressive disorder, dysthymia "is characterized by chronic, less severe depressive symptoms that have been present for many years."  DSM-IV-TR 379.

The state agency review physician opined in January 2013 that Dr. Tomilowitz's functional assessment was more severe than necessary based on objective data but agreed that Banales could understand, remember and carry out a two-step command involving simple instructions and maintain concentration, persistence and pace in such an environment.  AR 70, 73-75.

The ALJ acknowledged Dr. Tomilowitz's opinion, including the limitation to "simple, one- or two-step instructions."  AR 25.  The ALJ also acknowledged that Banales had moderate restrictions in activities of daily living, social functioning and maintaining concentration, persistence or pace.  AR 21.

The ALJ's decision does not expressly discount the opinions of Dr. Tomilowitz or the state agency review physician.  Nevertheless, the ALJ did not include a limitation to two-step instructions.  Instead, the ALJ limited Banales to "simple repetitive tasks" and found, based on the VE's testimony, that Banales was capable of performing the

---

[2] A GAF score of 51-60 indicates moderate symptoms "(e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., no friends, unable to keep a job)."  Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV-TR") 34.

representative jobs of small products assembler; inspector, hand packager; and assembler, plastic hospital products.  AR 22, 27-28.  According to the Dictionary of Occupational Titles (DOT), these three jobs require Reasoning Level Two.  DOT § 706.684-022 (small products assembler), § 559.687-074 (inspector/hand packager), § 712.687-010 (assembler, plastic hospital products).  Although a limitation to simple repetitive tasks may be consistent with Reasoning Level Two, *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015), a limitation to two-step instructions may not be consistent with Reasoning Level Two.

In *Rounds v. Comm'r SSA*, 807 F.3d 996 (9th Cir. 2015), the Ninth Circuit discussed the six "Reasoning Levels that range from Level One (simplest) to Level Six (most complex)."  *Id.* at 1002.  Levels One and Two state:

> Level 1:  Apply commonsense understanding to carry out simple one- or two-step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.
>
> Level 2:  Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations.

*Id.* at 1002-03 (citation omitted).

In *Rounds*, the ALJ found that the claimant was limited to, among other things, "one to two step tasks."  *Id.* at 1001.  Based on the vocational expert's testimony, the ALJ concluded that the claimant was capable of performing three representative jobs that required Reasoning Level Two.  *Id.* at 1002.  The Ninth Circuit found an apparent conflict between the claimant's residual functional capacity and the demands of Reasoning Level Two.  *Id.* at 1003.  Because the ALJ had not recognized the apparent conflict, the ALJ had not asked the VE to explain the conflict.  The Ninth Circuit remanded the matter for further proceedings.  *Id.* at 1003-04.

6

Here, in contrast to *Rounds*, the issue is whether the ALJ articulated specific and legitimate reasons to discount the opinions of Dr. Tomilowitz and the state agency review physician. The ALJ did not articulate any reasons for doing so, and the court can discern none from the decision. The court "'cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.'" *Id.* at 1004 (citation omitted). Remand is appropriate. *Id.*

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for further proceedings consistent with this opinion.

DATED: February 16, 2017

ALICIA G. ROSENBERG
United States Magistrate Judge

7